# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 00-50541

(Summary Calendar)

_____

DANIEL CASTRO ROMERO, JR, General
Council Chairman, Lipan Apache Band of
Texas, Inc,

                                    Plaintiff-Appellant,

versus

WESLEY BECKEN, Etc; ET AL,

                                    Defendants,

WESLEY BECKEN, City of Universal City, Texas
City Council Member; LARRY NUESE, City of
Universal City, Texas City Council Member; DANIEL
WHEALEN, City of Universal City, Texas City Council
Member; RICHARD NEVILLE, City of Universal City,
Texas City Council Member; THOMAS ENGLAND,
City of Universal City, Texas City Council Member;
RICHARD CROW, City of Universal City, Texas City
Council Member; LARRY KERKOW, City of Universal
City, Texas City Council Member; GENE THORPE,
City of Universal City, Texas City Council Member;
HAROLD FRIESENHAHN, Mayor, City of Selma,
Texas; JEFF WENTWORTH, Senator, Texas State Senator,
District 25; JUDITH ZAFFIRINI, Senator, Texas State
Senator, District 21; BILL E SIEBERT, Texas State
Representative, District 121; UNITED STATES ARMY
CORPS OF ENGINEERS FORT WORTH; GRANITE
GOLF, INC; MORTON PROPERTIES, INC & SWFNB;
OLYMPIA JOINT VENTURES; INDUSTRIAL

DEVELOPMENT CORPORATION OF UNIVERSAL
CITY; PAUL PRICE & ASSOCIATES, INC; BAIN MEDINA &
BAIN; FINGER DYE & SPANN; GOLF WORKS, INC;
ADAMS & FLAKE LAW FIRM; UNIVERSAL CITY,
TEXAS CITY COUNCIL MEMBERS; ROBERT
REEH & INVESTORS; ERIC SCHROEDER; PEGGY
JENNINGS; M G ORENDER, Business – Granite
Golf, Inc; DOUGLAS WHITE, Business – Granite
Golf, Inc; TOM WEAVER, Board Member, Industrial
Development Corporation; DAN BAUMGARTNER,
Board Member, Industrial Development Corporation;
CLIFFORD E MORTON; SWFNB; CITY OF
SELMA, TEXAS; RON FLAKE; F G HUTCHINSON;
PAUL PRICE; CARL BAIN; BAXTER SPANN;
RICHARD PRATER,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Western District of Texas

---

July 16, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Daniel Castro Romero, averring that he is a lineal descendant of the great Lipan Apache chief Cuelgas de Castro, seeks damages for alleged injuries arising out of the construction of a golf course in Universal City, Texas on the alleged burial grounds of the Lipan Apache. The district court dismissed Castro's claims under Fed.R.Civ.P. 12(b)(6), reasoning that most of the statutes cited by Castro do not provide for monetary damages, and that relief under 42 U.S.C. § 1983 was not available because the named defendants were either not associated with any governmental entity or were entitled to immunity. We affirm.

Through gifts of private landowners, the City of Universal City and its neighbor, Selma, acquired enough land to build an eighteen hole golf course. The United States Army Corps of Engineers began oversight of the project under the auspices of the Clean Water Act, which requires archeological surveys of the project site. The project site was divided into ten sites of possible archeological interest, with one site designated as a prehistoric open campsite. It was on this site that human remains were discovered.

Shortly after the discovery of the remains, Castro sent a letter to the Corps of Engineers demanding the return of the remains to the Lipan Apache Band of Texas, Inc. Castro received a reply from the Texas Historical Commission, informing him that the Corps of Engineers agreed with their decision to return the remains to the City of Universal City for reburial. The remains were reburied in Universal City at a ceremony attended by representatives of various tribal organizations.

Castro then filed this lawsuit, naming as defendants the City of Universal City, its mayor, its city manager, its city council members; the City of Selma, its mayor; two Texas state senators; one Texas state representative; the United States Army Corps of Engineers–Fort Worth, two Corps employees; and several private companies, law firms, and their employees. Castro alleged violations of Native American Graves Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq.*; the Texas Health & Safety Code §§ 711.03, 711.004, 711.0311, 711.032, 711.041, and 711.052; the American Antiquities Act of 1996, 16 U.S.C. §§ 431-433; the National Historic Preservation Act, 16 U.S.C. §§ 470-470mm; the Archeological and Historic Preservation Act of 1974, 16 U.S.C. §§ 469-469c; the Archeological Resources Protection Act of 1979, 16 U.S.C. §§ 470-470mm; the Natural Resources Code §§ 191.001 *et seq.*; the American Indian Religious Freedom Act, 42 U.S.C. § 1996; and the Civil Rights Act of 1964, 42 U.S.C. § 1983. The district court addressed Castro's

contentions under each of these statutes, and dismissed for failure to state a claim under Rule 12(b)(6).

We review the district court's dismissal de novo. *See Hall v. Thomas*, 190 F.3d 693, 696 (5th Cir. 1999). Rule 12(b)(6) motions "should not be granted unless 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The question therefore is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999), *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

Castro contends that the district court erred in dismissing his case pursuant to Rule 12(b)(6) because "the district court never ordered or directed [him] to state a claim under Fed.R.Civ.P. 12(b)(6)." Of course, such an order is not typically required of the district court, but Castro is a pro se litigant, and is accordingly entitled to special accommodation by the judiciary. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1996) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). Here, the district court noted that Castro had been given several opportunities to clarify or amend his claims. Castro's response to the various motions to dismiss or for a more definite statement was that his complaint needed no further allegations. The district court was therefore not in error in evaluating Castro's pro se complaint under Rule 12(b)(6).

Relatedly, Castro argues that the district court erred in denying his request for appointment

-4-

of counsel.[1] Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case as Castro seems to suggest. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See id.* at 213. We review the denial of appointment of counsel for abuse of discretion. *See Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th 1986). The district court asked Castro to fill out a questionnaire to evaluate the need for appointed counsel. Based on Castro's answers, the court found that the complexity of the case was limited by the fact that Castro lacked standing to assert many of his claims because of his acknowledgment that the Lipan Apache Band of Texas is not a federally-recognized tribe. Based on its review of the complaint and exhibits, the court found that Castro had demonstrated his ability to investigate and present the case. The court also found Castro to be well-educated and articulate. Finally, the court noted that the evidence in the case was not likely to be conflicting. We have reviewed the record and agree with the district court's assessment; accordingly, the district court did not abuse its discretion in denying Castro appointed counsel.

Castro next challenges the district court's dismissal of three of his statutory claims: (1) that the defendants' actions violated the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. § 3001, *et seq.*; (2) that the defendants violated his civil rights under 42

---

[1]     Castro also contends that the district court erred in denying his *in forma pauperis* motion, but no such motion appears in the record.

U.S.C. § 1983; and (3) the defendants violated Texas Health & Safety Code § 711.001 *et seq.*[2]  The NAGPRA establishes rights of tribes and lineal descendants to obtain repatriation of human remains and cultural items from federal agencies and museums, and protects human remains and cultural items found in federal public lands and tribal lands.  *See* NAGPRA, 25 U.S.C. § 3001 *et seq*.  The Act grants the district courts "the authority to issue such orders as may be necessary to enforce the provisions of [the Act]."  25 U.S.C. § 3013.  Despite this broad enforcement power, the district court correctly held that Castro's claims suffer from a fundamental flaw—that the human remains were found on municipal rather than federal or tribal land.  By its plain terms, the reach of the NAGPRA is limited to "federal or tribal lands."  25 U.S.C. § 3002(a).  It is undisputed that the remains in this case were found on the land of the City of Universal City.  The fact that the U.S. Army Corps of Engineers, a federal agency, was involved in a supervisory role with the Texas Antiquities Commission does not convert the land into "federal land" within the meaning of the statute.

We also note our agreement with the district court's conclusion that Castro's requested $100 million in monetary damages is inappropriate under the NAGPRA.  The NAGPRA exists to give protection to Native American artifacts, cultural items, and other such objects "having ongoing historical, traditional, or cultural importance central to the Native American group or culture itself, rather than property owned by an individual Native American."  25 U.S.C. § 3001(3)(D).  The Act

---

[2]      The following issues not briefed by Castro on appeal are treated as abandoned: the district court's refusal to allow him to proceed on behalf of the Lipan Apaches as a whole, the American Antiquities Act claim, the National Historic Preservation Act claim, the Archeological and Historic Preservation Act claim, the American Indian Religious Freedom Act claim, the Antiquities Code of Texas, and the Natural Resources Code claim.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28.").

does not provide grounds for recovery of monetary damages for individuals who allege Native American ancestry.

Castro next challenges the district court's dismissal of his § 1983 claims. As to the non-governmental defendants, the district court was clearly correct that there is no § 1983 liability because Castro did not plead that any of the non-governmental defendants acted in concert with any governmental entity to deprive him of his rights. *See, e.g., Daniel v. Furgeson*, 839 F.2d 1124, 1128 (5th Cir. 1988). The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves. *See, e.g., Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996). Finally, we affirm the grant of qualified immunity to all government defendants sued in their individual capacities. Castro's allegations are conclusional and provide no specific details about the involvement of the individual defendants. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

The district court did not specifically address the dismissal of Castro's § 1983 claims against Universal City and Selma. Castro is correct that municipalities do not enjoy immunity from suit. *See Leatherman v. Tarrant County*, 507 U.S. 163, 166; 113 S.Ct. 1160, 1162; 122 L.Ed.2d 517 (1993). But Castro has not alleged that an official municipal policy, practice, or custom led to a violation of his constitutional rights. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Accordingly, we affirm the district court's dismissal of his § 1983 claims against the cities.

Finally, Castro challenges the district court's dismissal of some of his state law claims. Castro alleges a violation of Texas Health & Safety Code § 711.001 *et seq.*, the Texas statutory provisions dealing with the protection of cemeteries. Section 711.001(2) defines a "cemetery" as "a place that

-7-

is used or intended to be used for interment, and includes a graveyard, burial park, or mausoleum." Castro's allegation that the oral history of the Lipan Apache establishes the Universal City land as a burial ground is not sufficient to convert the land into a "cemetery" for purposes of the statute because Castro has not alleged that the land was publicly dedicated as a cemetery, that the land was enclosed for use as a cemetery, or that the land even if once used for burial purposes has not been abandoned. *See* Tex. Health & Safety Code § 711.034; *Smallwood v. Midfield Oil Co.*, 89 S.W.2d 1086, 1090 (Tex. Civ. App. 1938); *Damon v. State*, 52 S.W.2d 368, 370 (Tex. Com. App. 1932).

AFFIRMED.