IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40332
Summary Calendar
_____

BILLY RAYFORD JOHNSON,

Plaintiff-Appellant,

versus

FRANCIS CHERIAN; JUDY KENT, Director/Manager Health Services;
D. ELLIS, R.N.; J. SLAUGHTER, Physician Assistant; ROCHELLE
MCKINNEY, R.N., M.A., Step 2 Grievance Coordinator; CHASTAIN
EARNEST, Physician Assistant; ANN DARBY, R.N.-Director of
Nursing; LOU NELL HARMAN, Assistant Manager-Health Services;
L.A. MASTERS, D.O.-Acting Facility Medical Director; CHARLES
FRIZZELL, Administrative Tech IV; BONNIE S. MILLER,
Administrative Tech I Count Room,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-107
--------------------
September 6, 2002

Before JOLLY, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy Rayford Johnson, Texas prisoner # 379586, appeals the

district court's grant of summary judgment in favor of the

defendants on his 42 U.S.C. § 1983 claims.  He argues that the

district court abused its discretion in refusing to strike the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affidavit of Dr. Glenda Adams and in denying appointment of counsel; in granting summary judgment to the defendants; and in delaying the initial screening of his complaint, allegedly in contravention of 28 U.S.C. § 1915A.

We hold that the district court did not abuse its discretion in denying the motions to strike and to appoint counsel. See St. Romain v. Indus. Fabrication & Repair Serv., Inc., 203 F.3d 376, 380 (5th Cir.) (motion to strike), cert. denied, 531 U.S. 816 (2000); Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001) (appointment of counsel). We further note that the district court was not required to review the denial of Johnson's nondispositive motion to strike de novo. See 28 U.S.C. 636(b)(1)(A); Parks v. Collins, 761 F.2d 1101, 1104 (5th Cir. 1985) (nondispositive motions reviewed for clear error).

We further hold that Johnson has failed to demonstrate any error in granting summary judgment to the defendants. See, e.g., Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912 (5th Cir. 1992) (employing de novo review). Johnson's claims against Defendants J. Slaughter and Francis Cherian do not rise to the level of a constitutional violation, as they are tantamount to a disagreement over the type of the medical care provided. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Furthermore, Johnson's conclusional argument that Defendant Charles Frizzell, as chief of classification, must be afforded some liability for Johnson's work and housing reassignments is

insufficient to defeat summary judgment and to establish that Frizzell possessed the knowledge necessary impose liability.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (defendant must "know[] and disregard[] an excessive risk to inmate health or safety"); Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir.) (conclusional allegations, speculation, and improbable inferences are insufficient to defeat a summary judgment motion), cert. denied, 531 U.S. 926 (2000).

We further find that the unrefuted evidence established that Defendants Rochelle McKinney and Judy Kent were unauthorized to expedite Johnson's treatment and therefore could not be held liable for a failure to do so.  Johnson's retaliation claim against Kent is also rejected, as it is supported by nothing more than a conclusional argument, which is insufficient to demonstrate retaliatory motive.  See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Finally, Johnson has neither alleged nor established any prejudice suffered as a result of the district court's alleged delay in screening his complaint.  Therefore, he is not entitled to any relief on that claim.

AFFIRMED.