United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2002**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 02-40217
Summary Calendar

—————————————

TREV CLARK,

                                        Plaintiff-Appellant,

versus

LA MARQUE INDEPENDENT SCHOOL DISTRICT; RUSSEL E. WASHINGTON, JR.,
Chief of Police, Individually and in his official capacity as
Chief of Police for La Marque, ISD; BEN CAVIL, Individually and
in his official capacity as Assistant Superintendent of
Administration for La Marque, ISD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CV-668
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Trev Clark appeals from the summary judgment dismissal of

claims under 42 U.S.C. §§ 1981, 1983, and 1985, as well as under

Texas law, against the La Marque Independent School District

(LMISD), Russel Washington, and Ben Cavil.  The action stems from

Clark's dismissal from his position as a teacher and coach and

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his subsequent acquittal on criminal charges that he engaged in sexual relations with a minor female student.

Clark has abandoned any arguments relating to the district court's dismissal of his claims under 42 U.S.C. §§ 1981 and 1983, as well as his state law malicious prosecution claim against LMISD, by failing to brief them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(issues not adequately argued in the body of the brief are deemed abandoned).

To establish the liability of a municipality under 42 U.S.C. § 1983, a plaintiff must demonstrate that an official policy or custom caused the constitutional violation. See Piotrowski v. City of Houston, 51 F.3d 512, 517 (5th Cir. 1995). A plaintiff raising a constitutional claim against a municipality must identify the policy, connect the policy to the municipal body, and show that the particular injury occurred because of the execution of the policy. See Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984)(en banc). Clark has failed to show that he identified the policy or custom at issue in the district court. Accordingly, we affirm the dismissal of this claim. See id. Because Clark's allegations of prosecutorial misconduct against LMISD are identical to his allegations regarding Washington and Cavil, the district court properly dismissed claims against Washington and Cavil in their official capacities. See Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001).

Clark's Fourteenth Amendment malicious prosecution claim against Washington and Cavil in their individual capacities fails because such a claim is not actionable. See Kerr v. Lyford, 171 F.3d 330, 339 (5th Cir. 1999). The district court dismissed Clark's Fourth Amendment malicious prosecution claim against the individual defendants because Clark had failed to make a sufficient showing that Washington and Cavil lacked probable cause. To prevail, Clark "must demonstrate that either (1) the record affirmatively establishes that probable cause was lacking or (2) enough genuine, material factual disputes exist regarding the elements of probable cause that the ultimate finding of probable cause is the subject of a genuine, material factual dispute." See id. at 340. After a thorough review of the record and the arguments of counsel, we have determined that Clark has failed to make the required showing.

Finally, because the elements of a claim of malicious prosecution under state law are coextensive with the elements of a claim under 42 U.S.C. § 1983, see Taylor v. Gregg, 36 F.3d 453, 455 (5th Cir. 1994); see also Gordy v. Burns, 294 F.3d 722, 725-26 (discussing Taylor and holding generally that the elements of a 42 U.S.C. § 1983 malicious prosecution claim are coextensive with the elements of a claim under state law), we affirm the dismissal of Clark's state law claim against Washington and Cavil.

The district court's judgment is in all respects AFFIRMED.