United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60504
Summary Calendar
_____

RICHARD LEE BROWN

Plaintiff - Appellant

v.

MALCOLM E MCMILLIN, Sheriff, ET AL,

Defendants

MALCOLM E MCMILLIN, Sheriff, DOUG JONES; DENNIS MOULDER;
H. COOLEY; CASSEY DENNIS; JOHN DOES

Defendants - Appellees

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-60-BN
---------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Richard Lee Brown, Mississippi prisoner # K9690, appeals
from a judgment in favor of the defendants on his civil rights
claims.  We affirm.

Brown's allegations of cumulative error and coercive tactics
by the magistrate judge are not supported by the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Moreover, the magistrate judge did not abuse his discretion in refusing to appoint counsel for Brown.  See Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001).

Review of the trial transcript and exhibits shows that the magistrate judge did not clearly err in his determination that Brown's injuries were sustained from a motor vehicle accident rather than the use of excessive force.  See Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998).  The record further reveals that Brown failed to establish that the defendants acted with deliberate indifference or punitive motive when he was placed on suicide watch or that they were deliberately indifferent to his medical needs.  See Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).

Brown's argument that the Hinds County Detention Center employees and deputies were inadequately hired and trained is conclusional and inadequately briefed.  It is therefore not considered.  See Yohey v. Collins,985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.