Robert Glenn TAYLOR,
Plaintiff–Appellant,

v.

Doyle McELVANEY, Warden, Robert Eason, Warden; Emily Bond, Warden; Cary Cook, Warden; James Duke, Warden; Gregory Oliver, Major; B. Prewitt, Health Administrator; S.H. Peck; Adel Nafrawi, Medical Doctor; Jack Calhoun, Physician Assistant; C. Henderson, Registered Nurse; James F. Thomsen, Sergeant; Robert Chamberlin, Correctional Officer III; Richard Avants, Captain; Norma Harrison, Industrial Specialist VI; Rochelle McKinney, Registered Nurse Medical Assistant; Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division; Wayne Scott, Director; Allen Polunsky; Texas Tech University Health Science Center, Defendants–Appellees.

No. 02–11062.

United States Court of Appeals,
Fifth Circuit.

July 3, 2003.

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM.*

Robert Glenn Taylor, Texas prisoner # 683162, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. He argues that the magistrate judge abused her discretion in refusing to appoint counsel and in dismissing the complaint as frivolous. For the following reasons, we affirm the judgment of dismissal.

■ We hold that the magistrate judge's refusal to appoint counsel was not an abuse of discretion. *See Castro Romero v. Becken,* 256 F.3d 349, 353–54 (5th Cir.2001). Additionally, the magistrate judge's decision to dismiss the complaint prior to service on the defendants, despite Taylor's partial payment of the filing fee, was sanctioned by statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

■ Taylor's allegations of deliberate indifference are in fact an expression of his disagreement with the type of medical treatment provided, and, therefore, they do not state a claim under 42 U.S.C. § 1983. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997). Taylor's claim against Captain Richard Avants arising from his disciplinary proceedings is barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Taylor's allegation that Avants threatened him is not cognizable in a 42 U.S.C. § 1983 proceeding. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir.2002).

The magistrate judge's dismissal of the instant suit as frivolous was appropriate and, therefore, constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th

Cir.1996). Taylor accumulated two prior "strikes" in *Taylor v. Howards,* No. 01–10336, 2001 WL 877606 (5th Cir. Jul. 17, 2001) (unpublished). He therefore is BARRED from bringing any civil action or appeal in forma pauperis while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; THREE–STRIKES BAR IMPOSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.