United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-41652
Summary Calendar
_____

GLEN L. CECIL,

Plaintiff-Appellant,

versus

JASON CALHOUN, M.D.; KELLY, Doctor;
DENNIS; WESSEL, Nurse; SOSA, Sergeant;
NFN VALENTINE; NFN PLAINT; NFN RODRIGUEZ;
NFN HENDRICK,

Defendants-

Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-259
-------------------------------------------------------------

BEFORE  JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Glen L. Cecil, Texas prisoner # 885250, appeals the district court's 28 U.S.C. §

1915(e)(2)(B) dismissal as frivolous of his 42 U.S.C. § 1983 lawsuit.  A complaint is frivolous if

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

it lacks an arguable basis in fact or law. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). This court reviews a § 1915(e)(2)(B)(i) dismissal as frivolous for abuse of discretion. Id.

Cecil renews his Eighth-Amendment claims against Dr. Kelly, Nurse Dennis, Nurse Wessel, and Sgt. Sosa, as well as his claims of retaliation against Nurse Valentine and unidentified mail room clerks. He does not renew his other deliberate-indifference claims or his claim that he has been denied access to the law library in retaliation for having filed the instant suit, and those claims are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Cecil initially contends that dismissal of Dr. Kelly and Nurse Dennis was error because they were predominantly responsible for his pain and suffering, and he complains that he should not be required to pay an additional filing fee to bring suit against them in another court. However, he makes no argument challenging the district court's determination that it lacked jurisdiction over Dr. Kelly and Nurse Dennis, and he has abandoned any challenge to the district court's reason for dismissal by failing to brief it. See Yohey, 985 F.2d at 224-25.

Cecil conclusionally asserts that the district court erred in not permitting him to conduct discovery. This argument appears to be premised on the incorrect assumption that his claims were dismissed on summary judgment and that he required evidence to oppose summary judgment. The argument is patently without merit. See 28 U.S.C. § 1915(e).

As the district court determined, the grievances Cecil filed in support of his suit reveal that his Eighth-Amendment claims against Nurse Wessel and Sgt. Sosa are factually frivolous. Cecil concedes that his complaint against Sgt. Sosa is "minor" and that it "did [him] little harm," meaning that the claim against Sgt. Sosa is legally frivolous as well. See Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308-09 (1986). Cecil's conclusional assertion that others lied during the

investigation of Nurse Wessel is insufficient to show that the district court abused its discretion in dismissing that claim.

Cecil's grievances also establish that his retaliation claim against Nurse Valentine is factually frivolous. He has presented no evidence to show that Nurse Valentine's instructions to him on the date in question were different than for any other prisoner under the same circumstances, nor has he asserted a chronology of events from which retaliatory motive can be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Cecil's claim against the unidentified mail room clerks for allegedly tampering with his legal mail in retaliation for his having filed suit likewise fails because he has not shown that his position as a litigant was prejudiced as a result. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Cecil finally contends that the district court erred in not ruling on his motion for the appointment of counsel. However, he did not move for the appointment of counsel in the district court. Inasmuch as Cecil complains that the district court did not automatically appoint him counsel, there is no automatic right to appointment of counsel in a civil rights case. Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001).

Cecil's appeal is wholly without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Cecil's complaint as frivolous constitute two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Cecil is CAUTIONED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.