IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31013

Summary Calendar

_____

DONALD L. BROOKS,

                                            Plaintiff-Appellant,

versus

THE CITY OF NEW ORLEANS; ET AL,

                                            Defendants,

THE CITY OF NEW ORLEANS; MARC MORIAL, Mayor of the City of New
Orleans, in his official and individual capacity; RICHARD
PENNINGTON, Chief of Police for the City of New Orleans, in his
individual and official capacity; RONALD RAY, Sergeant; FELIX
LOICANO, Major; UNIDENTIFIED PARTIES; NEW ORLEANS DISTRICT
ATTORNEYS OFFICE,

                                            Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
00-CV-1900-S

_____

May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

        Appellant Donald L. Brooks, a New Orleans police officer,

appeals the district court's grant of Appellees' motion for summary

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment. Brooks alleges violations of his property and liberty rights under the Due Process Clause and invasion of privacy under the Fourth Amendment and Article I, Section 5 of the Louisiana Constitution arising from the Police Department's decision to suspend Brooks from duty for 120 days and to issue a press release stating the facts surrounding Brooks' arrest and suspension. Brooks filed an appeal of the suspension before the Civil Service Commission.

After Brooks was tried and acquitted of second degree murder, Brooks and the Police Department settled the civil service case. Brooks was reinstated with back pay and emoluments. Brooks filed this action alleging violations of his property and liberty rights under the Due Process Clause and invasion of privacy under the Fourth Amendment and Article I, Section 5 of the Louisiana Constitution. The district court granted Appellees' motion for summary judgment, and we affirm.

The appellees sued in their individual capacities assert the defense of qualified immunity. Our analysis is twofold. First, we must decide whether the plaintiff alleged a violation of a clearly established constitutional right.[1] A right is clearly established if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Second, we must address whether the defendant's conduct was objectively reasonable in light of clearly established law at the time that the

---

[1] *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002).

challenged conduct occurred.[2]

The City of New Orleans, as a governmental body, is liable for damages under § 1983 for constitutional actions that "implement[] or execute[] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[3] Municipalities, and officials in their official capacities acting as the final policymaking authority for the municipality, are not immune from suit.[4]

Brooks, as a police officer, has a property interest in his employment that is protected by the Fourteenth Amendment. For essentially the same reasons as the district court, we find that the actions of the City and the Police Department did not violate the Due Process Clause. Brooks was charged with second degree murder, which was sufficient justification for the Police Department to suspend him and issue a public statement regarding his suspension. Given the serious charges made against Brooks, the Department's action was measured and the opportunity to appeal the suspension at a hearing was sufficient to satisfy due process concerns.

Brooks also claims that he was deprived of a liberty interest because the press release issued by the Department had a stigmatizing effect that significantly limited his opportunities

---

[2] *Id.*

[3] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

[4] *Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

for future employment. Brooks was not terminated from his employment, but was merely suspended for a limited period of time and was reinstated with full back pay and emoluments. Brooks presented no evidence that he was denied other employment opportunities. There is no genuine issue of material fact as to whether Brooks was deprived of a liberty interest.

Brooks also alleges that he was deprived of his right to privacy under the Fourth Amendment and the Louisiana Constitution. Brooks did not have a reasonable expectation that information concerning his arrest and suspension would be kept private. He is a public official, and was charged with a serious crime. Under the circumstances, he could have no reasonable expectation that this information would be kept private. Further, because Brooks has not demonstrated a violation of his rights, his conspiracy claim is without merit.

The individual defendants are entitled to qualified immunity because their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident. As to the other Appellees, Brooks has failed to establish a violation of his due process or privacy rights. AFFIRMED.