United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Summary Calendar
No. 06-30743

MARK BLACKMAN,

Plaintiff-Appellant,

versus

GLOBAL INDUSTRIES OFFSHORE, L.L.C.,
ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(6:05-cv-01160-RFD-MEM)

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court denied Mark Blackman's request for appointment of counsel for his Title VII employment discrimination suit. Blackman appeals. Finding no error, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

Blackman, a pro se litigant, filed suit against Global Industries Offshore ("Global") in 2005 alleging wrongful termination based on numerous state and federal grounds, among them, sexual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harassment, race and age discrimination. After an investigation, the United States Equal Employment Opportunity Commission ("EEOC") concluded that Blackman, who was a lift boat employee, was discharged when Global terminated all of its lift boat employees because it sold its lift boat division.

On September 9, 2005, Blackman filed a Motion for Appointment of Counsel. Although he did not specify the statutory provision under which he was applying, the Magistrate Judge interpreted his motion as being filed under 42 U.S.C. § 2000e-5(f)(1), which provides for appointment of counsel in Title VII suits "in such circumstances as the court may deem just." On June 21, 2006, the district court denied Blackman's motion, holding that he was not entitled to appointment of counsel under either § 2000e-5(f)(1) or 28 U.SC. § 1915(e)(1) (providing for appointment of counsel in proceedings in forma pauperis). Blackman appeals the district court's ruling.

## II. STANDARD OF REVIEW

We review for abuse of discretion the refusal to appoint counsel for a Title VII plaintiff. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). The district court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Id*. *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). No one factor is conclusive. *Id*.

It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In evaluating whether the appointment of counsel is proper, the district court considers the type and complexity of the case,

2

the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See id*. at 213. We review the denial of appointment of counsel under § 1915(e)(1) for abuse of discretion. *See Jackson*, 811 F.2d at 261.

## III.  DISCUSSION

The district court's conclusion that Blackman failed the "merits" prong of the § 2000e-5(f)(1) test for appointment of counsel in a Title VII case was not an abuse of discretion. We find appellant's arguments that the EEOC investigation file is incomplete and that it did not conduct a full investigation to be without merit in regard to his appointment of counsel claim.

Although Global argues that Blackman failed to raise his § 1915(e)(1) in pauperis claim below, we nevertheless consider the claim because of the "less stringent standards" governing pro se appeals, because Blackman, in his September 9, 2005 letter to the court, did not specify which statutory provision he was relying on for his request, and because the district court considered the claim.

In *Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001), this court upheld the denial of a § 1915(e)(1) in pauperis claim because it agreed, after a review of the record, with the district court's conclusion that the plaintiff had the present "ability to investigate and present the case." Similarly, here, the district court found that Blackman is "capable of articulating his claims and adequately representing his interests in this case." After reviewing the record, we likewise agree with the district court's assessment and conclude that the district court did not abuse its discretion in denying Blackman's  § 1915(e)(1) in pauperis claim.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

3

AFFIRMED.