# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-30954
Summary Calendar

LLOYD HENRY PHILLIPS

                              Plaintiff-Appellant

v.

GLOBAL EXPERTISE IN OUTSOURCING; CHRIS WHARTON; LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

                              Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CV-926

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lloyd Henry Phillips, Louisiana prisoner # 412799, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint alleging deliberate indifference to his serious medical condition. He contends that the district court abused its discretion in denying his motions for appointment of counsel, production of medical records, leave to file an amended complaint, and recusal of the magistrate judge. He additionally argues that the 28 U.S.C. § 1915(g) bar

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was erroneously applied to his complaint, he was entitled to a default judgment, and the district court erred in denying his motion for summary judgment. We affirm.

The district court's summary judgment ruling turned on the issue of deliberate indifference. The issue whether Phillips sustained a cognizable injury was not relevant to the ruling. As such, he has not demonstrated an abuse of discretion on the part of the district court in denying his motions for appointment of counsel, see Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001), and production of medical records. See Theriot v. Parish of Jefferson, 185 F.3d 477, 490 (5th Cir. 1999). Insofar as Phillips challenges the district court's denying him leave to file an amended complaint, the court so ruled because the new claims he sought to add arose after he filed the present suit were factually distinct from those originally presented and did not appear to be exhausted. Phillips's failure to assign error to the ruling in that regard renders its appeal waived. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Phillips's motion to recuse the magistrate judge was based solely on conclusional allegations of prejudice stemming from adverse rulings. Adverse judicial rulings alone, however, do not support an allegation of bias under 28 U.S.C. §§ 455 or 144. Liteky v. United States, 510 U.S. 540, 555 (1994). Phillips has therefore shown no abuse of discretion on the part of the district court in denying his recusal motion. See Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999).

Prior to the filing of the present suit, Phillips had accumulated three strikes. See Phillips v. Lott, No. 98-CV-1292 (W.D. La. Mar. 29, 1999); Phillips v. Guidry, No. 98-CV-1293 (W.D. La. Feb. 4, 1999); Phillips v. Breaux, No. 98-CV-1294 (W.D. La. Feb. 4, 1999). As such, he was correctly barred from proceeding in forma pauperis in the instant action absent proof that he was

under imminent danger of serious physical injury. See § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

Phillips did not appeal the magistrate judge's ruling denying his motion for default judgment to the district court. Consequently, we are without jurisdiction to consider his appellate argument. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989). Finally, the district court did not err in denying Phillips's motion for summary judgment. Phillips's summary judgment evidence did not show the absence of a genuine issue of fact concerning the deliberate indifference element of his claim, and he was not entitled to summary judgment as a matter of law. See FED. R. CIV. P. 56(c).

AFFIRMED.