# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2011

No. 10-10329
Summary Calendar

Lyle W. Cayce
Clerk

KENNETH LOCKAMY,

Plaintiff–Appellant,

v.

GERALD CARRILLO, #2 Response Team Officer; MARVIN KELLY, #3 Response Team Officer; STEVE RODRIGUEZ, #4 Response Team Officer; ANGEL SERNA, #5 Response Team Officer; NICKY EMSOFF, Ranking Supervisor of Response Team; SONIA GARCIA; MICHAEL WILSON,

Defendants–Appellees.

Consolidated with No. 10-10644

KENNETH LOCKAMY,

Plaintiff–Appellant,

v.

ALBERTO CAMPOS, #1 Response Team Officer,

Defendant–Appellee.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-53

No. 10-10329
c/w No. 10-10644

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kenneth Lockamy, Texas prisoner #1313595, sued Alberto Campos under 42 U.S.C. § 1983 for excessive use of force, and in the same action sued the remaining Defendants–Appellees for deliberate indifference in not intervening on his behalf during the alleged assault by Campos. Those remaining Defendants–Appellees were dismissed for qualified immunity, from which order Lockamy appealed in No. 10-10329. A jury held for Campos, from which verdict Lockamy appealed in No. 10-10644. We consolidated those appeals and address them now, beginning with Lockamy's appeal of the jury verdict in favor of Campos.

Lockamy argues that the verdict in his case against Campos was tainted by numerous trial errors. We review the district court's evidentiary rulings for abuses of discretion. *United States v. Clark*, 577 F.3d 273, 287 (5th Cir.) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)), *cert. denied*, 130 S. Ct. 809 (2009). If we find an abuse of discretion, we then review the error under the harmless error doctrine. *Id.* (citing *United States v. Sanders*, 343 F.3d 511, 517 (5th Cir. 2003)).

There is no merit to Lockamy's assertion that, because the evidence was irrelevant and highly prejudicial, the district court erred in allowing Campos to introduce evidence of Lockamy's prior mental health diagnoses, disciplinary issues, and history of causing self-inflicted injuries. The evidence was not unfairly prejudicial merely because it was adverse to Lockamy. *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 733 (5th Cir. 2011) (citing *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008)). Moreover, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

danger of any unfair prejudice did not substantially outweigh the probative value of the evidence. *See* FED. R. EVID. 403.

The exhibits were relevant to Campos's defense that he did not use excessive force and that Lockamy's complained of injuries were most likely old and self-inflicted. *See* FED. R. EVID. 406 (providing that evidence of a person's habit is "relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit"). In addition, Lockamy's own testimony and evidentiary submissions included much of the same evidence of which he now complains. Lockamy did not argue in the district court that the evidence was also inadmissible pursuant to Federal Rules of Evidence 406, 501, 608(b), and 611. Accordingly, he cannot prevail on these issues because he has not shown that the district court committed a plain error: a clear or obvious error that affected his substantial rights that, if left uncorrected, would seriously affect the fairness, integrity or public reputation of judicial proceedings. *Tompkins v. Cyr*, 202 F.3d 770, 779 (5th Cir. 2000) (citing *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999)). Indeed, the burden of proving these factors lies with the party asserting error. *Id.* (citing *United States v. Calverley*, 37 F.3d 160, 164 (5th Cir. 1994) (en banc)).

In addition, we review the following of Lockamy's arguments for plain error in light of his failure to object below: his asserted error regarding the court's (1) excluding the testimony of his listed witnesses; (2) denying his request for a polygraph exam; (3) potentially allowing his physical appearance to unfairly prejudice the jury; and (4) refusing to allow him to refer to documents not admitted into evidence during his closing arguments. With respect to Lockamy's contention regarding calling additional witnesses, at trial the district court stated that Lockamy's request for subpoenas—provided to the court the week earlier—had not afforded sufficient time to serve the witnesses. Since there had been previous testimony regarding Lockamy's injuries, the court

concluded that the additional testimony would have been cumulative under Rule 403. In requesting that the court subpoena the potential witnesses, Lockamy stated that they would "give testimony concerning their entries in plaintiff's medical records of the injuries plaintiff suffered and any additional info[rmation] they may provide." Lockamy's medical records, however, were introduced into evidence at trial. Thus, we cannot say that district court plainly erred by concluding that this testimony—regarding the entries in Lockamy's medical records—would be cumulative.

Lockamy's other plain error evidentiary contentions are also unavailing. In his brief to this court Lockamy concedes that there is "no substantial law binding courts to issue polygraph exams." Therefore the district court's denial of his polygraph request was not plain error. Lockamy additionally argues that his physical appearance unfairly prejudiced the jury. Lockamy concedes in his brief, however, that this "was not due to any error of the court." Similarly, the district court's refusing to allow Lockamy to refer to documents not in the record during his closing argument was not plain error since we have recognized that it is "[a] particularly indefensible tactic" to use "closing arguments to bring before the jury damaging facts not in evidence and never established." *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 284 (5th Cir. 1975).

Lockamy did not move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) during the trial or, after the verdict, file either a Rule 50(b) motion for judgment as a matter of law or a Rule 59 motion for a new trial; we thus review his assertion that there was insufficient evidence to support the jury's verdict for plain error. *See Shepherd v. Dallas Cnty.*, 591 F.3d 445, 456 (5th Cir. 2009). Lockamy cannot demonstrate plain error because there is at least some evidence in the record to support the jury's conclusion that Campos did not use objectively unreasonable force on Lockamy. *See id.* (noting that the

question is whether there is "*any* evidence" to support the jury's verdict (quoting *Polanco v. City of Austin, Tex.*, 78 F.3d 968, 974 (5th Cir. 1996))).

Lockamy also argues that Campos submitted a false exhibit and that Campos altered the videotape of the incident. These arguments are inapposite. We have long recognized that "[i]t is the function of the jury as the traditional finder of facts, and not the court, to weigh conflicting evidence and inferences . . . .'" *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 266 (5th Cir. 1994) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc)).

Furthermore, Lockamy's argument that he lacked the proper experience, skills, and resources to successfully present his case is equally unavailing. A district court may appoint counsel in a § 1983 case if exceptional circumstances exist. *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam). The existence of exceptional circumstances depends upon "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence." *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (internal quotation marks and citation omitted). This court reviews the district court's denial of appointment of counsel for an abuse of discretion. *Id.* Lockamy's excessive force claim is not a particularly complex issue, and the record reflects that he was more than capable of competently proceeding without the assistance of counsel. Accordingly, the district court did not abuse its discretion by denying his requests for appointment of counsel. *Id.* (citing *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001)).

Lockamy also argues that the district court erred in granting summary judgment to the remaining defendants because it did not properly consider his deliberate indifference claims; however, he fails to challenge the district court's conclusion that those defendants were entitled to qualified immunity. Thus, Lockamy has waived any challenge to the district court's alternate basis for the

No. 10-10329
c/w No. 10-10644

grant of summary judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (contentions not adequately argued in the body of the brief are deemed abandoned). The judgment of the district court is AFFIRMED.