# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2013

No. 12-40968
Summary Calendar

Lyle W. Cayce
Clerk

RODERICK ALLEN BATISTE,

Plaintiff-Appellant

v.

ALVIN L. HARRIS; PERCY CHAVIS, JR.; WILLIAM T. MURPHY; CHAMEKA
L. PURIFOY; SHARI A. HENDRY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CV-3

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Roderick Allen Batiste, Texas prisoner # 1265531, moves for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel on appeal from the district court's dismissal under 28 U.S.C. § 1915A(b)(1) of his civil rights complaint. By moving to proceed IFP, Batiste is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40968

Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. We review a district court determination that a case is frivolous for abuse of discretion. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Batiste makes five claims of error in his motion. First, Batiste argues that the district court abused its discretion by relying on factually inaccurate documents at his *Spears*[1] hearing. However, the document in question, which indicated that Batise was placed in pre-hearing detention pending an investigation into his alleged assault of another inmate, was consistent with Batiste's allegations that he was placed in pre-hearing detention.

Second, Batiste argues that the district court erred in dismissing his property deprivation claim under the *Parratt/Hudson*[2] doctrine. "Under the *Parratt/Hudson* doctrine, a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) (footnote and internal quotation marks omitted). Batiste alleges that the defendants violated prison policy by having his property packed by another inmate while he was in pre-hearing detention, and by then leaving his property unsecured. However, a "prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Brewster v.*

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 534 (1984).

2

*Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (internal quotation marks and citation omitted).  In this case, "the Texas tort of conversion provides [Batiste] with an adequate post-deprivation remedy." *Id.*

Third, Batiste argues that his right to equal protection was violated because prison rules were not followed in his case.  To prevail on his equal protection claim, Batiste must show "that (a) a state actor intentionally discriminated against [him] because of membership in a protected class[,] or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Tex. Dept. of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotation marks and citation omitted).  Batiste does not allege that he is a member of a protected class.  Further, Batiste has not shown that he was treated differently than similarly situated prisoners.

Fourth, Batiste argues that his right to be free from compelled self-incrimination was violated when Lieutenant Alvin Harris threatened to seize his property if he did not admit to assaulting another inmate.  However, Batiste does not show that he made a self-incriminating statement.

Fifth, Batiste argues that he was a victim of fraud because the document that charged him with assault allegedly was forged.  To the extent that Batiste complains of property loss due to fraud, as discussed above, his claim is barred by the *Parratt/Hudson* doctrine.  To the extent that Batiste challenges being placed in pre-hearing detention based on a forged document, he has not shown that placement in pre-hearing detention deprived him of a liberty interest protected by the Due Process Clause. *See Hernandez v. Velasquez,* 522 F.3d 556, 562 (5th Cir. 2008) (per curiam).

Accordingly, Batiste's appeal lacks arguable merit and therefore is frivolous. *See Howard*, 707 F.2d at 220.  As a result, Batiste's motions for leave to proceed IFP and for appointment of counsel on appeal are DENIED, and his appeal is DISMISSED as frivolous. *See Castro Romero v. Becken,* 256 F.3d 349,

353-54 (5th Cir. 2001); *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). The district court's dismissal of Batiste's complaint under § 1915A(b)(1) also counts as a strike. Batiste is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).