# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2020

Lyle W. Cayce
Clerk

No. 19-10906
Summary Calendar

Robert F. Hallman,

*Plaintiff—Appellant*,

*versus*

Steve Gordon and Associates Attorneys and Counselors at Law; Leticia Martinez; Honorable Judge Elizabeth Beach,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-408

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Robert F. Hallman, Texas prisoner # 2224866, filed this *pro se* action asserting 42 U.S.C. § 1983 claims alleging that a trial judge, prosecutors, his own defense attorneys, a sheriff, detectives, and private citizens violated his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

constitutional rights by conspiring to subject him to criminal detention and prosecution. The district court reviewed his complaint, his amended complaint, and his other submissions, and *sua sponte* dismissed his claims pursuant to 28 U.S.C. § 1915(A)(b). Hallman now appeals.

Although Hallman argues that the trial judge and prosecutors conspired against him, the district court correctly determined that he cannot overcome the applicable judicial immunity and prosecutorial immunity. *See Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (judicial immunity); *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985) (judicial immunity); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (prosecutorial immunity). As for Hallman's § 1983 claims, the district court did not err in its dismissal for failure to state a claim against his attorneys, *see Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993), the sheriff, *see Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008), the detectives, *see Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001), and the remaining defendants, *see Ballard*, 413 F.3d at 518; *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). We are also unpersuaded that the district court erred by not providing Hallman with additional opportunities to develop his claims. Hallman fails to demonstrate that he had not pleaded his best case and fails to identify what facts he would have added or how he would have overcome the deficiencies found in his claims. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Finally, Hallman fails to demonstrate the existence of any exceptional circumstances warranting the appointment of counsel. *See Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078. Accordingly, the judgment of the district court is AFFIRMED, and Hallman's motion for appointment of counsel is DENIED.