**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-1694
Summary Calendar

Spencer Charles Parker,

Plaintiff-Appellant,

VERSUS

Don Carpenter, Sheriff, ET Al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(November 23, 1992)

Before THORNBERRY, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

THORNBERRY, Circuit Judge:

Proceeding pro se and in forma pauperis, Parker filed an action under 42 U.S.C. § 1983 alleging retaliatory acts, deliberate tardiness in tending to serious traumatized injuries and deliberate lack of adequate post-operative treatment. No evidentiary hearing was ordered by the district court, and the action was dismissed because the court concluded that Parker had no realistic chance of ultimate success in the action. In addition, the court noted that Parker was attempting to re-litigate claims previously made in a similar action. Finding merit in Appellant's claims, we reverse the dismissal of Appellant's action and direct the district court to conduct proceedings not inconsistent with

this opinion.

## Facts and Prior Proceedings

Appellant Spencer Charles Parker filed this civil rights action against Tarrant County Sheriff Don Carpenter, the Tarrant County Medical Examiner and the jail and jail administrator. The action was filed **in forma pauperis** pursuant to 28 U.S.C. § 1915. Appellant alleges that the defendants violated his civil rights when, out of retaliation, a jail guard moved Appellant from a low-risk minimum security facility to a high security area inhabited by more violent inmates. As a result of the transfer, Appellant was permanently disabled by the loss of his right eye after being assaulted by a violent inmate. Appellant further alleges that jail personnel were slow to get him medical attention and were later indifferent toward getting him timely post-operative treatment.

The district court dismissed the action concluding that Appellant had no realistic chance of ultimate success on his claims.[1]

## Standard of Review

This court reviews dismissal of a civil rights action filed by a pretrial detainee proceeding in forma pauperis for abuse of discretion. **Cay v. Estelle,** 789 F.2d 318, 326 (5th Cir. 1986) (citing **Green v. McKaskle,** 788 F.2d 1116, 1120 (5th Cir. 1986)).

---

[1] While a district court may dismiss sua sponte an IFP proceeding as frivolous after initial examination of the complaint, the court need not label the dismissal "frivolous" under 28 U.S.C. § 1915(d). **Spears v. McCotter**, 766 F.2d 179, 181 (5th Cir. 1985). This circuit approves dismissal of an IFP proceeding under § 1915(d) when it lacks an arguable basis in fact and law. **ANCAR v. SARA** Plasma, 964 F.2d 465 (5th Cir. 1992).

## Discussion

### A.   The Controlling Principles

Due to potential abuses by prisoners proceeding in forma pauperis, this circuit has given district courts broad discretion in making the determination of whether an in forma pauperis complaint is frivolous.  **Cay**, 789 F.2d at 325 (citations omitted). As we have noted before, it is not always easy to determine whether a claim is frivolous simply by examining a complaint written by a prisoner unfamiliar with the rules of our courts.   Prisoner complaints, more often than not, are difficult to decipher. However, this court has insisted that when it is not apparent from the face of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not.  **See Cay**, 789 F.2d at 325.   We have suggested that this may be done in a number of ways.[2]   It should be remembered that Congress enacted § 1915 to allow indigent persons meaningful access to the federal courts.  While this court

---

[2]  A district court may send a questionnaire to a prisoner before service, requiring him to give greater detail about the facts and his claims. **Cay**, 789 F.2d at 323 (citing **Watson v. Ault**, 525 F.2d 886, 893 (5th Cir. 1976)).  The court may also authorize a magistrate to hold an evidentiary hearing to determine whether the claims are frivolous.  **Cay**, 789 F.2d at 323 (citing **Spears**, 766 F.2d at 182). This is otherwise known as a **Spears hearing**.  In addition, this circuit cited with approval the procedure developed by the Tenth Circuit:  ordering the prison officials to investigate the facts surrounding a civil rights suit by inmates to construct "an administrative record...to enable the trial court to...make a determination [of frivolity]...." **Cay**, 789 F.2d at 323 n.4 (citing **Martinez v. Aaron**, 570 F.2d 317 (10th Cir. 1978).  More recently, this court allowed a pro se  § 1983 complainant to conduct discovery in order to more adequately state his claim.  **Murphy v. Kellar**, 950 F.2d 290 (5th Cir. 1992).

is mindful that in forma pauperis complaints have the potential to flood the federal judiciary with frivolous litigation, it is also incumbent upon the district courts to be sensitive to possible abuses by the prison system in order to ensure that prisoner complaints, especially pro se complaints, are not dismissed prematurely. **Jackson v. Cain**, 864 F.2d 1235, 1241 (5th Cir. 1989) (citing **Taylor v. Gibson**, 529 F.2d 709, 713 (5th Cir. 1976)).[3] Repeating what we have stated before,

> An opportunity should be provided [for] the prisoner to develop his case at least to the point where any merit it contains is brought to light... Pro se prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

**Id.** The Supreme Court defines a "frivolous" complaint as a complaint lacking any arguable basis either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Utilizing these principles in reviewing the dismissal of this prisoner's pro se complaint, we find that the district court abused its discretion. We cannot say, without a more thorough presentation of the facts, that Appellant's complaint lacks any arguable basis either in law or in fact that would entitle him to relief in this circuit.

## B. The Legal Claims

---

[3] This is not to say that there exists no situation where, based solely on an examination of the complaint, the complaint could be dismissed as frivolous. For example, under some situations, a prisoner making allegations under the Eighth and Fourteenth Amendments must allege facts sufficient to establish that prison officials were deliberately indifferent to his rights. **See Daniels v. Williams**, ___U.S. ___, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); **Whitley v. Albers**, ___U.S.___, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

## 1. Retaliation

The record indicates that Appellant was a pretrial detainee during the events that form the basis of his complaint. In **Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), the Supreme Court determined that pretrial detainees may not be subjected to treatment amounting to punishment since they have not been adjudged guilty of any crime. Therefore, if a particular act, condition or restriction accompanying pretrial detention amounts to punishment, it is forbidden. **Cupit v. Jones**, 835 F.2d 82, 85 (5th Cir. 1987). In addition, this circuit holds that an action or inaction related to a pretrial detainee is considered punishment unless it is reasonably related to a legitimate governmental objective. **Id.** Appellant's complaint alleges that after he had a verbal altercation with a jail officer, he was punished or retaliated against when he was transferred from the low-risk minimum security section to the overcrowded violent inmate section of the Tarrant County Jail. He alleges that it was common practice after a verbal altercation with jail personnel to simply be moved around within the minimum security section, not transferred to the violent offenders section. He further alleges that when he was placed in the violent offender section, he was denied access to a bed to lay down on, despite jail official's knowledge of his serious back condition. It appears that Appellant has plead that his transfer to the violent inmate section was an act of punishment which is a legal claim cognizable under a § 1983 claim. We cannot say that Appellant's complaint lacks an arguable basis in law and fact because pretrial detainees are entitled to protection from

adverse conditions of confinement created by prison officials for punitive purposes. **Id**. In addition, we cannot say that the government had a legitimate objective for moving Appellant to the violent inmate section because there has never been any evidentiary hearing in this action nor have the opposing party defendants even been served.

## 2. Medical Treatment

Pretrial detainees are entitled to reasonable medical care, "unless the failure to supply it is reasonably related to a legitimate governmental objective." **Cupit**, 835 F.2d at 85. No one can say for sure whether Appellant's treatment was reasonable without the presentation of more facts. Therefore, upon remand, the district court should fully investigate the facts surrounding Appellant's allegations of unreasonable medical care.

## C. Appointment of Counsel

This court may base a decision to appoint counsel on many factors, including:

1. the type and complexity of the case;
2. the petitioner's ability adequately to present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

**Murphy**, 950 F.2d at 293 n.14 (quoting **Cooper v. Sheriff, Lubbock County, Texas**, 929 F.2d 1078, 1084 (5th Cir. 1991)). If Appellant's claims survive preliminary exploration, in light of factors two and three above--namely that Appellant is a prisoner

who, without counsel, would have to investigate by himself the prison's policies and employees of the very jail where he is incarcerated--we direct, in addition to holding some type of evidentiary hearing, the district court to appoint counsel to help the Appellant fully investigate his claims and provide representation at any evidentiary hearings.

## D. Prior Similar Claims

The district court states in its memorandum opinion that Appellant has attempted to relitigate claims previously dismissed for want of a realistic chance of ultimate success and therefore his present complaint warrants dismissal. After review of the record, we find that Appellant's claim of retaliation is a new claim not previously brought before the district court. In addition, the record indicates that Appellant's medical claims, while argued previously before the district court, were never fully investigated in conformance with prior decisions of this court. **See Jackson**, 864 F.2d at 1241.

## Conclusion

Appellant's complaint alleges claims that if substantiated, would entitle Appellant to relief in this circuit. Whether or not Appellant can sustain those claims against the Tarrant County Jail and its employees can only be determined if Appellant is given a chance to fully investigate the events surrounding his claims. Therefore, we reverse the dismissal of Appellant's action and remand for proceedings consistent with this judgment.