IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41338
Summary Calendar
_____


ROBERT FRANKLIN CALDWELL,

                                        Plaintiff-Appellant,

versus

THOMAS J. PRASIFKA; CARLOS RIOS;
DANIEL FERNANDEZ, Captain,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-01-CV-327)
--------------------
March 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Robert Franklin Caldwell, Texas prisoner #933046, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A. Caldwell argues that the procedures used in the prison's disciplinary proceedings violated due process. He contends that the punishments imposed were "serious enough" to trigger due process protections and were excessive, in violation of the Eighth Amendment. Caldwell further maintains that the magistrate judge erred in dismissing his claims and should have

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth 5TH CIR. R. 47.5.4.

conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989).

The limited restrictions imposed as a result of Caldwell's disciplinary convictions did not result in the imposition of an atypical or significant hardship in relation to the ordinary incidents of prison life as contemplated by Sandin v. Conner, 515 U.S. 472, 483 (1995). See Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997). Therefore, Caldwell cannot complain of the constitutionality of the procedural devices attendant on his disciplinary hearings. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).

To the extent that Caldwell seeks any relief related to the loss of good-time credits, "[a] prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Furthermore, if a prisoner is challenging the validity of the procedures used in a prison disciplinary proceeding to deprive him of good-time credits, and a favorable judgment would imply the invalidity of the conviction or the duration of confinement, his claims for damages and declaratory relief are likewise not cognizable in a 42 U.S.C. § 1983 action until the relevant conviction has been reversed. See Edwards v. Balisok, 520 U.S. 641, 648 (1997).

2

As to Caldwell's Eighth Amendment claim, the punishments imposed in the disciplinary hearings, as alleged by Caldwell, were not so serious as to deny him "the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quotations and citations omitted). Violations of prison rules or regulations, without more, do not give rise to a 42 U.S.C. § 1983 cause of action. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

As Caldwell makes no argument that the magistrate judge erred in dismissing his equal protection claim as frivolous, that issue is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). And, because Caldwell failed to allege any claims cognizable under 42 U.S.C § 1983, there was no need to conduct a Spears hearing. Cf. Parker v. Carpenter, 978 F.2d 190, 191-92 nn.2-3 (5th Cir. 1992).

Caldwell's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Both our dismissal of this appeal and the district court's dismissal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Caldwell therefore has two "strikes" under 28 U.S.C. § 1915(g). We caution him that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under

3

imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.