**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**September 8, 2003**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40471
Summary Calendar
_____

JAVIER CHAPA,

Plaintiff-Appellant,

versus

DAVID STACKS, Individually and in his official capacity as
Warden; RICHARD ALFORD, Individually and in his official
capacity; ARMANDO ALANIZ, Individually and in his official
capacity; CHARLES R CLARK, Individual Capacity; HAZEL KITCHEN,
In her individual capacity; DENNIS CROWLEY, Lieutenant,
Individual capacity,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-241
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Chapa, Texas prisoner # 904219, appeals the dismissal

as frivolous and for failure to state a claim of his 42 U.S.C.

§ 1983 suit against Warden David Stacks and five correctional

officers alleging that they violated his due-process rights by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

placing him in administrative segregation for being a gang member. Chapa argues that he has a protectable interest in his custodial classification because there has been an atypical, significant deprivation.

Although he alleges the existence of extraordinary circumstances, he has not shown any, and Chapa's placement in administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest. See Lukin v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Chapa also argues that the district court's decision is not supported by evidence because he did not sign the self-admission form and that the district court erred in considering certain photographs. "Because [Chapa] relies on a legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999).

Finally, Chapa's argument that the district court improperly denied him the opportunity to bring witnesses lacks merit. The district court sufficiently developed the facts. See Parker v. Carpenter, 978 F.2d 190, 192 & n.2 (5th Cir. 1993). The district court's judgment is AFFIRMED.

The district court's dismissal of Chapa's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Chapa is

cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.