**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50286
Summary Calendar

———————————————

ALBERT ZUNIGA,

                                        Plaintiff-Appellant,

versus

UNIVERSITY HEALTH SYSTEM; ROBERT C. SCHENCK,
JR., Dr.; JOHN C. SPARKS, Dr.,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-619
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Albert Zuniga, TDCJ-ID #1157220, has filed an application

for leave to proceed in forma pauperis ("IFP") on appeal,

following the district court's dismissal of his 42 U.S.C. § 1983

complaint.  By moving for IFP, Zuniga is challenging the district

court's certification that IFP status should not be granted on

appeal because his appeal is not taken in good faith.  Baugh v.

Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Based on its previous

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conclusion that Zuniga's claims were either frivolous or failed to state a claim on which relief could be granted, the district court concluded that an appeal would be futile because there was no substantial question for review and certified that the appeal was not taken in good faith.

Zuniga's claims against University Health Systems for the actions of its employees and his claims against Dr. Schenck and Dr. Sparks for negligence and malpractice are not cognizable in a 42 U.S.C. § 1983 complaint. See Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Claims of deliberate indifference to medical needs may be raised in a 42 U.S.C. § 1983 complaint, but Zuniga has failed to state a claim because his allegations merely show disagreement with the course of medical treatment. See Varnado, 920 F.2d at 321. Zuniga also has failed to state a claim under the Americans with Disabilities Act; he has not alleged that the defendants were responsible for his loss of job status or good-time credits, and he has failed to show he is a "qualified individual with a disability." See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997).

Because all of Zuniga's federal claims were properly dismissed, we also conclude that the district court did not abuse its discretion in declining to consider his state-law claims under its supplemental jurisdiction. See Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999); 28 U.S.C.

§ 1367. Finally, because Zuniga's complaint was based on legally inarguable positions, there was no need for the district court to conduct a hearing or allow discovery. See Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994); Parker v. Carpenter, 978 F.2d 190, 191-92 nn.2-3 (5th Cir. 1992).

Zuniga has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. His appeal also is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Zuniga's motion for leave to proceed IFP is DENIED and his appeal is DISMISSED. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Zuniga's complaint count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Zuniga previously earned a strike in Zuniga v. University Health System, No. 02-51237 (5th Cir. July 9, 2003)(unpublished), and he was cautioned that future frivolous civil suits and appeals would invite the imposition of sanctions. Because Zuniga has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915 BAR IMPOSED.