# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-11296
Summary Calendar

DUNG NGOC HUYNH,

Plaintiff–Appellant,

v.

JEREMY BAZE; CHRISTOPHER HAM,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-28

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dung Ngoc Huynh, Texas inmate # 1032597, filed a pro se § 1983 civil suit against correctional officers Jeremy Baze and Christopher Ham, alleging that they (1) violated the Eighth Amendment by using excessive force against him during a search of his cell and denying him emergency medical treatment, (2) committed the tort of assault and battery, and (3) acted negligently. After a jury trial, the district court granted the defendants' motion for judgment as a matter of law. On appeal, Huynh asserts that the district court abused its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in denying his motions for appointment of counsel and in refusing to allow him to admit proposed testimony from witnesses not present in court.

Huynh asserted that he was not able to afford counsel, that he had a very limited knowledge of the law, that the issues involved in this case were very complex, that his ability to present his case on his own behalf was limited by his low I.Q. score, and that it would serve the ends of justice if he were appointed counsel. The magistrate judge denied Huynh's requests for appointment of counsel, stating that Huynh had "not shown any inability to set forth his claims for relief or shown that any extraordinary circumstances are involved which would justify the appointment of counsel without charge to plaintiff."

Generally, § 1983 plaintiffs have no right to counsel. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Litigants are not entitled to automatic appointment of counsel, and the district court is not required to appoint counsel for indigent plaintiffs unless the case presents "exceptional circumstances." *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The district court can exercise its discretion to appoint counsel where doing so would "advance the proper administration of justice." *Id.* This court reviews the denial of a motion for the appointment of counsel for abuse of discretion. *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

Although there is no comprehensive definition of what constitutes "exceptional circumstances," the district court should consider several factors when determining whether to appoint counsel. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). These factors include (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate the case; (3) the presence of a majority of evidence consisting of conflicting testimony which requires skill in the presentation of evidence and in cross- examination; and (4) the likelihood that the appointment will benefit the plaintiff, the defendants, and the court by shortening the length of the trial and assisting in a just determination of the case. *Id.*

There is nothing exceptional about Huynh's case. Here, the only discrete legal issue is whether the alleged excessive force and assault, if proven, violated the Eighth Amendment. There are no unusual evidentiary issues, and the record reveals that at least until the time of trial, Huynh adequately represented himself and competently filed numerous motions, pleadings, and responses. At most, Huynh can make a legitimate argument that an attorney would have been better suited to question and cross examine witnesses who offered conflicting testimony. However, this factor alone does not outweigh the others, particularly because all parties agreed that Baze and Ham did exert physical force in restraining Huynh and because Huynh was able to provide pertinent evidence in the form of his medical records. Huynh has not shown that the district court erred in denying his motions for appointment of counsel. *See, e.g.*, *Richardson v. Henry*, 902 F.2d 414, 415, 417 (5th Cir. 1990) (affirming district court's denial of motion for appointment of counsel in civil rights action alleging illegal detention, battery, false arrest, and unconstitutional deprivation of freedom of speech, assembly, and association).

Huynh also argues that the district court erred when it refused to grant his motion to subpoena witnesses or to allow him to submit affidavits containing potential testimony from the intended witnesses, even after the court learned that his motion to subpoena witnesses had presumably been lost in the mail. Huynh asserts that the testimony of his proposed witnesses was crucial to establishing that Baze and Ham used excessive force. In order to support his contention that he mailed a motion to subpoena, Huynh attached a notice of inquiry in which a prison official acknowledged that one letter addressed to the district court in Amarillo, Texas, and one letter addressed to the Attorney General of Texas were logged and mailed out on November 11, 2007.

This court reviews the refusal to issue a subpoena for abuse of discretion. *Gibbs v. King*, 779 F.2d 1040, 1047 (5th Cir. 1986). Huynh does not dispute that he did not timely file a motion to subpoena; in addition, he admits that he did

not request that the trial be continued until he could subpoena his potential witnesses. Moreover, Huynh provides no evidence that the legal correspondence mailed out on November 11, 2007, contained a motion to subpoena witnesses. Huynh also fails to demonstrate a substantial need for the requested witnesses. *See id.* Accordingly, the trial court did not abuse its discretion in refusing to grant Huynh's alleged motion for a subpoena.

Huynh's assertion that the district court should have entered witness affidavits into evidence, in lieu of issuing the subpoenas, is equally without merit. The district court's admission or exclusion of evidence is reviewed for abuse of discretion. *DeCorte v. Jordan*, 497 F.3d 433, 440 (5th Cir. 2007). Even where error is discovered, it will be considered harmless unless it affects the appellant's substantial rights. *Id.*

Huynh states that the district court refused to admit his proffered affidavits because they were not properly presented and because Baze and Ham would not stipulate as to admissibility. The record contains two affidavits from proposed inmate witnesses. Neither affidavit is properly notarized but both contain statements that the declarations were made under the penalty of perjury and that the statements are true and correct. In his affidavit, inmate Thomas Mendez asserts that he witnessed the assault by Baze and Ham on Huynh, that the two slammed Huynh's head into the wall and then slammed him into the floor, that they then "consecutively and unnecessarily struck him fast and hard," that Baze and Ham held Huynh to the floor with unnecessary force, and that Huynh was handcuffed the entire time and did not struggle or move. In the second affidavit, inmate Thomas Meyers simply declares that he would be willing to testify about the incident in question.

Although Mendez asserted that Baze and Ham used "unnecessary force," his affidavit is conclusory, does not include the date the incident occurred, nor does he describe where he was located in relation to the action or whether he heard the verbal exchange between Huynh and the officers. Mendez's affidavit

4

is insufficient to support Huynh's claims because, as stated previously, Baze and Ham admit that they used force to subdue Huynh. The only issue is whether the force was unnecessary and excessive, and Mendez's affidavit is speculative and conclusory as to the necessity of force.

Huynh has not demonstrated that the district court abused its discretion in refusing to admit the affidavits. Furthermore, Huynh fails to specify how the affidavits were important to his case. He merely asserts that without witness testimony or affidavits, he was unable to receive a fair trial. Huynh does not elaborate on the assertion, which is unsupported by either evidence or legal authority. Even if the exclusion of the affidavits was error, the error did not affect Huynh's substantial rights. The overwhelming medical evidence did not support Huynh's claims, and in fact, tended to show that Huynh suffered from pains many months before the incident in question occurred.

Although a trial transcript is often necessary for the disposition of an appeal, Huynh has not demonstrated any particular need for the transcript nor has he raised a substantial question. *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). The record, including the various filings by both parties, witness affidavits or declarations, and medical records, is adequate to allow this court to examine the only issues raised by Huynh. *Id.* The judgment of the district court is AFFIRMED. Huynh's request for transcripts at government expense is DENIED.