**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-40258
Summary Calendar

THOMAS DUNN

Plaintiff-Appellant

v.

JAMES PRINCE; JAMES MCCORMICK

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-117

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas Dunn, previously a Texas pretrial detainee at the Bowie County Correctional Center (BCCC), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to FED. R. CIV. P. 12(b)(6) and 56. This court reviews the grant of a motion to dismiss pursuant to Rule 12(b)(6) and a motion for summary judgment de novo. *See Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994); *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1992). In reviewing a Rule 12(b)(6) motion, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," but "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)), *cert. denied*, 128 S. Ct. 1230, *and cert. denied*, 128 S. Ct. 1231 (2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c). Conclusional allegations, speculation, improbable inferences, or a mere scintilla of evidence are insufficient to defeat a summary judgment motion. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000).

Dunn contends that the district court erred in rejecting his claims that he was falsely imprisoned when he was held in the BCCC prior to his trial, despite the fact that Bowie County had contracted with the Texas Department of Criminal Justice-Institutional Division (TDCJ) to house convicted prisoners in that facility. Dunn also maintains that he was falsely imprisoned for a second time when he was released from custody under felony bond conditions despite the fact that he was arrested for driving while intoxicated, which constitutes a misdemeanor under state law. The district court properly held that to the extent that Dunn was challenging the state criminal proceedings, he should have filed a pretrial habeas petition. *See Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 1987). To the extent that Dunn's claims arise under § 1983, he is not entitled to relief. Dunn has no right to complain about the facility in which he is incarcerated absent an assertion that he had suffered more severe conditions as a form of punishment. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)(per curiam); *Parker v. Carpenter*, 978 F.2d 190, 192-93 (5th Cir. 1992). With respect to the bond conditions, Dunn has admitted that the county officials were aware at the time of his arrest that he was a recidivist DWI defendant, raising his

2

misdemeanor offense to a felony; he has not established that the State was bound by his arrest report to consider his offense as a misdemeanor.

Dunn maintains that he was denied an attorney for nearly two months after his arrest. Such a claim sounds in habeas and should be raised in such a motion. *See Dickerson*, 816 F.2d at 223-24. Even if the claims were properly presented under § 1983, Dunn has not alleged a constitutional violation. *See Berkemer v. McCarty*, 468 U.S. 420, 428-29 (1984); *United States v. Gouveia*, 467 U.S. 180, 187-89 (1984).

Dunn asserts that his incarceration in a TDCJ contract facility violates the Thirteenth Amendment. He has not established that he was subjected to involuntary servitude or slavery. *See Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990). Dunn's conclusional assertion that he was "sold" into slavery because Bowie County receives payment from the TDCJ for all individuals held in the BCCC is insufficient to establish that Dunn is entitled to relief. *See Michaels*, 202 F.3d at 754-55.

Dunn contends that the BCCC officials violated his right to correspond freely about religious matters with prisoners at other facilities. Although Dunn is a pretrial detainee, the BCCC's rules on correspondence apply to him with equal force. *See Jones v. Diamond*, 594 F.2d 997, 1014 (5th Cir. 1979). The BCCC's requirement that inter-facility mail requires the consent of both wardens is a reasonable restriction on First Amendment rights. *See Turner v. Safley*, 482 U.S. 78, 81-82, 91 (1987). The fact that Dunn's letters concerned religious matters does not provide greater protections under the Constitution. *See Powell v. Estelle*, 959 F.2d 22, 23-24 (5th Cir. 1992), *superseded by statute as stated in Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997).

Dunn has asserted that the district court should not have considered his allegations that he was denied free medical care, meals, or a safe environment during his stay in the Bowie County jail. He has thus waived these claims of constitutional violations. Moreover, because Dunn has not identified any error

in the district court's rejection of the merits of the claims, he has abandoned any such contention. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir, 1987).

Dunn attempts to raise claims on behalf of numerous "innocent tax payer[]s" incarcerated in the BCCC before being convicted. Because he does not challenge the district court's conclusion that he lacked standing to raise claims for other pretrial detainees, such claims are abandoned. *See id.*

Dunn asserts that the appellees wrongly stated that he had not moved for summary judgment. Although he did request such relief, he did not establish "that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." Rule 56(c). To the extent that Dunn is asserting that the district court erred in not addressing his motion for a declaratory judgment, the court in fact held that he was not entitled to declaratory relief because he was no longer incarcerated at the BCCC. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Dunn has not established that he was entitled to counsel in the district court. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Dunn has not established that he has pleaded plausible claims or that genuine issues of material fact exist precluding summary judgment in favor of the defendants. *See* Rule 56(e); *Katrina Canal Breaches*, 495 F.3d at 205. As a result, the judgment of the district court is AFFIRMED.