**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60459
Summary Calendar

RONNIE DAVIS WALLS

Plaintiff-Appellant

v.

CLIFTON KAHOE; MELVIN ROBERTS; DONNA FOSTER, Doctor; JOSEPH
BLACKSTON, Doctor; ROCHEL WALKER, Doctor

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:06-CV-188

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronnie Davis Walls, Mississippi prisoner # 100739, filed a pro se civil
rights complaint pursuant to 42 U.S.C. § 1983 claiming that (1) prison officials
were deliberately indifferent to his safety by maintaining a policy that did not
provide for the use of seat belts during transportation of inmates and by not
securing him with a seat belt during transport, and (2) he did not receive
adequate medical care after a vehicular collision despite his complaints of pain.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Walls appeals from the district court's denial of his renewed motion for appointment of counsel and has filed a motion to expedite his appeal.

An interlocutory order denying the appointment of counsel in a § 1983 case is immediately appealable. *Robbins v. Maggio*, 750 F.2d 405, 409-13 (5th Cir. 1985). This court will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id.* at 213. "The district court should also consider whether the appointment of counsel would be a service to [Walls] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

Walls first argues that the district court was required to reverse the magistrate judge's (MJ) denial of his renewed motion for appointment of counsel because the MJ did not provide specific findings on each of the factors under *Ulmer*. This argument is unavailing. Acting pursuant to its authority under 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a) to reconsider the MJ's decision, the district court conducted a review of the record and made findings regarding the *Ulmer* factors.

Second, Walls argues that the district court erred by failing to accept as true the factual allegations in Walls's renewed motion to appoint counsel. Walls relies on a rule that applies when a court considers a motion to dismiss under

2

FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Walls cites no authority indicating that a court considering a motion for appointment of counsel must assume that the allegations in the motion are true. This argument is unavailing.

Third, Walls argues that the district court's denial of his renewed motion for appointment of counsel was based on a clearly erroneous assessment of the record. Walls's case is not particularly complex, and he has been able thus far, both with and without the aid of an inmate legal assistant, to adequately present his contentions in numerous filings, explain his claims against each defendant in a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and obtain discovery. *See Jackson v. Cain*, 864 F.2d 1235, 1239, 1242-47 (5th Cir. 1989); *Cupit*, 835 F.2d at 86. *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), cited by Walls, is distinguishable because *Parker* did not involve review of a district court's denial of a motion for appointment of counsel, and Walls, unlike the plaintiff in *Parker*, has been able to prosecute his case by explaining his claims at a *Spears* hearing and obtaining discovery. *See Parker*, 978 F.2d at 191 & n.2, 193. The district court's decision was not a clear abuse of discretion. *See Cupit*, 835 F.2d at 86. The motion for expedited appeal is DENIED.

AFFIRMED.