# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

No. 10-40169
Summary Calendar

Lyle W. Cayce
Clerk

BRANDON L. MCDONALD,

Plaintiff-Appellant

v.

J. SLIGER, Beaumont Police Officer; OFFICER FRANK COFFIN,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-612

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Brandon McDonald, Texas prisoner # 1364073, filed a 42 U.S.C. § 1983 complaint wherein he alleged that his civil rights were violated when his vehicle was stopped for not having its headlights activated and he was subsequently searched and arrested. McDonald argued that the officers lacked probable cause for the stop because his vehicle's headlights were, in fact, activated. The parties consented to proceed to a jury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial before the magistrate judge, and a judgment was rendered in favor of the defendants.

McDonald argues that the magistrate judge erred in denying his motions for the appointment of counsel. Absent exceptional circumstances, an indigent civil rights plaintiff has no right to the appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). In making a determination whether a case presents exceptional circumstances, a court should consider: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is capable of adequately investigating his case; and (4) whether the evidence will consist in large part of conflicting testimony. *Id.* at 213. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *Id.* We review the denial of McDonald's motions for an abuse of discretion. *See Castro Romero v. Becken,* 256 F.3d 349, 354 (5th Cir. 2001).

McDonald has not shown that the magistrate judge abused his discretion. As McDonald concedes, the issues and facts of the case were not exceptional. Although the testimony was conflicting, McDonald was able to present his version of the case through both testimony and documentary evidence. Prior to trial, McDonald competently filed numerous motions, pleadings, and responses, and the magistrate judge allowed him considerable leeway in his discovery requests. McDonald's assertion that appointed counsel could have secured favorable testimony from additional witnesses is speculative at best. Further, the identities of the unsecured witnesses were known to McDonald nearly two years before the trial. In sum, McDonald's arguments establish only that the appointment of counsel would have been helpful to his case. Because this is not the standard under which counsel should be appointed, McDonald has not shown that the magistrate judge abused his discretion in denying his motions. *See, e.g., Richardson v. Henry*, 902 F.2d 414, 415-17 (5th Cir. 1990) (finding no abuse of discretion in denial of counsel in false arrest case that proceeded to a bench

No. 10-40169

trial); *Dung Ngoc Huynh v. Baze*, 317 F. App'x 397, 399–400 (5th Cir. 2009) (finding no exceptional circumstances where plaintiff proceeded to trial on an excessive force claim).

McDonald also argues that the magistrate judge erred in denying his motion for a joint pretrial order. Appellate courts are hesitant to interfere with the district court's discretion in creating, enforcing, or modifying a pretrial order. *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002). The purpose of the pretrial order is to narrow the proceedings by determining which claims will be actually tried at trial. *Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982). McDonald essentially admits that he sought the pretrial order so that he might reargue witness requests that already had been rejected by the magistrate judge. Given that McDonald was not requesting a pretrial order for its intended purpose, no abuse of discretion has been shown. *See Quick Techs*, 313 F.3d at 345.

AFFIRMED.