# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2017

Lyle W. Cayce
Clerk

PHILLIP BAILEY,

Plaintiff-Appellant

v.

DR. VINCENT, Medical Director - University of Texas Medical Branch - CMC - Estelle Unit; UNKNOWN PHARMACIST, University of Texas Medical Branch - CMC - Huntsville Pharmacy,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3437

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Phillip Bailey, Texas prisoner # 1619414, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He argues that the district court erred in dismissing his claim that Dr. Vincent refused to conduct a certain diagnostic test based on the excessive cost of the procedure. He also contends that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in denying his motion for appointment of counsel, in dismissing his § 1983 complaint without providing an opportunity to amend, and in relying on the State's special report prepared in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Bailey's claims are unavailing. First, Bailey's claim regarding cost as a factor in a medical decision is insufficient to constitute deliberate indifference. *See Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014). At best, his claims amount to an arguable case for negligence or medical malpractice, neither of which constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, Bailey's vague and conclusional assertions fail to demonstrate that the unknown pharmacist's conduct rose to the level of deliberate indifference in violation of the Eighth Amendment. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Second, although the State raised affirmative defenses in its *Martinez* report, Bailey has shown no error in the district court's reliance on the report, which was otherwise proper under the circumstances. *See Parker v. Carpenter*, 978 F.2d 190, 191 n.2 (5th Cir. 1992). Third, the district court did not err in dismissing Bailey's § 1983 complaint without providing an opportunity to amend because the court had already provided Bailey the opportunity, in the form of a more definite statement, to put forth "his best case." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Finally, the record shows that Bailey was adequately able to communicate his claims and has an understanding of court procedures. The issue raised in Bailey's § 1983 action, deliberate indifference to his serious medical needs, is fact-dependent, not unduly complex, should be readily understood by prisoners, and relied on factual matters that Bailey either already knew or was capable of investigating. *See Cupit v. Jones*, 835 F.2d 82,

84-86 (5th Cir. 1987).  Because Bailey failed to show exceptional circumstances, he has not shown that the district court clearly abused its discretion in denying him court-appointed counsel.  *See id.* at 86; *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.