# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10131

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2019

Lyle W. Cayce
Clerk

JASON LEE JOHNSTON,

Plaintiff-Appellant

v.

RICHARD E. WATHEM, Warden; JAMES D. ANDERS, Assistant Warden; DAVID R. WEST, Major; RAYMOND HERNANDEZ, Correctional Officer V; KEVIN L. SCHIWARTS, Lieutenant; JOHN M. EWING, Sergeant; HIRAM P. BOLLINGER, Medical Assistant; CONNIE TROTTER, Medical Specialist IV; JOSIE SMITH, Charge Registered Nurse; CHRISTOPHER VASQUEZ, Medical Licensed Vocational Nurse; TOMMY NORWOOD, Medical Administrator; KARRY MCCONAHAY, Risk Management/Safety Officer; UNKNOWN SURGEONS,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:17-CV-56

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jason Lee Johnston, Texas prisoner # 1485773, moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's sua sponte

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10131

dismissal of his 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(1).

Johnston's IFP motion is construed as a challenge to the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Arguing that the district court surrendered jurisdiction over his case when it "granted" his voluntary, signed consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636, Johnston contends that the district court's order of dismissal was ultra vires. However, Johnston has not shown, nor is there any indication in the record, that the district court in fact designated a magistrate judge to exercise jurisdiction over his case, nor has he provided any authority requiring the district was otherwise required to make such a designation. *See* 28 U.S.C. § 636(c)(1).

Johnston also argues that the district court judge abused his discretion and committed clear error by refusing to refer Johnston's motion for recusal, which Johnston asserts alleged personal bias and prejudice, to the chief judge for assignment to another judge pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455.[1] As Johnston did not file a sufficient affidavit, neither § 144 nor § 455 requires a judge against whom recusal is being sought to refer a recusal or disqualification determination to another judge, and Johnston has not provided any other authority requiring such a referral of a motion to recuse. *See* §§ 144, 455. Accordingly, he has not shown that the district court abused

---

[1] Although Johnston's motion describes the statute as 28 U.S.C. § 445, Johnston apparently intended to refer to 28 U.S.C. § 455.

its discretion in failing to refer his motion to recuse to another judge or that this argument presents a nonfrivolous issue for appeal. *See Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999). Johnston also asserts that the district court judge abused his discretion and committed clear error by sitting in final judgment of Johnston's case in violation of federal recusal and disqualification laws. However, he has not adequately briefed this issue, and thus he has abandoned it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Alleging violations of § 1915 and the Prison Litigation Reform Act (PLRA), Johnston argues that the district court (1) inordinately delayed his case for 18 months between its docketing and dismissal; and (2) deviated from the PLRA by imposing a heightened pleading requirement; disregarding those procedures involving his challenges to the completeness, reliability, accuracy, and fabrication of prison medical records submitted by prison officials; denying him the ability to cross-examine medical staff and prison officials at a live *Spears*[2] hearing; and denying him the ability to obtain limited discovery before using screening procedures to dismiss his case. However, Johnston has not shown that the length of his proceedings or the procedures followed by the district court violated the PLRA or § 1915. *Cf.* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); *Parker v. Carpenter,* 978 F.2d 190, 191 & n.2 (5th Cir. 1992). Accordingly, these issues lack merit.

Alleging that prison officials had previously entered an administrative settlement paying him 60 stamps for the loss or destruction of his legal papers, Johnston also argues that the district court was estopped as a matter of law under the doctrines of collateral and judicial estoppel from considering his

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

claim that certain defendants retaliated against him by stealing, confiscating, and destroying his case files.

Because Johnston does not assert that any alleged prior administrative settlement included a determination whether he exercised a constitutional right, whether the defendants intended to retaliate against him for the exercise of that right, whether there was a retaliatory adverse act, or whether there was causation, all of which are required to prove retaliation, *see Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008), he has not shown that the district court should have applied collateral or judicial estoppel to this issue. *See Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014); *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 548 (5th Cir. 2013). Accordingly, he has not demonstrated that this argument raises a nonfrivolous issue for appeal.

Finally, Johnston conclusorily asserts that his § 1983 complaint "states valid causes of action for unconstitutional prison conditions that resulted in substantial injury to Plaintiff, deliberate i[n]difference to serious medical needs, and retaliatory mea[]sures as punishment for filing this suit under 41 U.S.C. § 1983" and that the district court committed clear error and abused its discretion in dismissing his claims with prejudice. Because Johnston has failed to adequately brief any of these substantive issues, he has abandoned them. *See Yohey*, 985 F.2d at 224-25.

Johnston has failed to raise a nonfrivolous issue for appeal, and thus his IFP motion is DENIED. *See Howard*, 707 F.2d at 220. Additionally, because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Johnston is WARNED that if he accumulates three strikes, he will not

be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.