# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2020

Lyle W. Cayce
Clerk

ANTIONE THOMPSON,

Plaintiff-Appellant

v.

ERIC MCFARLAND, JOE CHATMAN, COURTNEY ADAMS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-322

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Antione Thompson, Louisiana prisoner # 355150, filed a civil rights action against several prison officials. His motion for the appointment of counsel was denied, and he proceeded pro se at a bench trial. The district court granted the defendants' Federal Rule of Civil Procedure 52(c) motion and dismissed the action.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30443

Thompson first contends that the evidence presented at trial shows that excessive force was used against him. The prison officials argue that the district court did not clearly err in finding to the contrary.

In a bench trial, "[i]f a party has been fully heard on an issue," and the district court "finds against the party on that issue," the district court "may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 52(c). "Findings of fact made pursuant to a Rule 52(c) judgment are reviewed only for clear error." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 632 (5th Cir. 2001).

The Eighth Amendment protects prisoners from uses of force which amount to cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992). To prevail on a claim of excessive force, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that the plaintiff suffered an injury. *Id.* at 6-7.

The record reflects that Thompson and McFarland gave conflicting accounts of the incident. Thompson testified that McFarland inflicted injury by punching him while he was handcuffed; McFarland averred that Thompson, who seemed to be intoxicated, was unsteady on his feet and was injured when he accidentally fell against a fence. The district court credited McFarland's testimony based essentially on a determination that McFarland was the more credible witness. "When the findings of fact are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings." *Samson*, 242 F.3d at 632-33 (internal quotation marks and citation omitted). Thompson has not shown error with respect to the dismissal of his excessive force claim. *See id.*

2

No. 18-30443

Thompson also argues that the denial of his motion for the appointment of counsel was error. A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The district court should consider several factors when determining whether to appoint counsel. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). These factors include (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate the case; (3) the presence of a majority of evidence consisting of conflicting testimony which requires skill in the presentation of evidence and in cross-examination; and (4) the likelihood that the appointment will benefit the plaintiff, the defendants, or the court by shortening the length of the trial and assisting in a just determination of the case. *Id.* Our review shows that there was no abuse of discretion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

In view of the foregoing, the judgment of the district court is AFFIRMED. Thompson's motion for the appointment of counsel is DENIED.